SIDNEY· W. ELDRIDGE, ADMINISTRATOR, v. THE PHILA-
DELPHIA AND READING RAILWAY COMPANY AND
THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted July 8, 1910—Decided April 7, 1911.

The fifty-eighth section of "An act concerning railroads" (Revision of
1903), which requires actions, by an executor or administrator,
for injuries causing the death of the testator or intestate, to be
commenced and sued within one year next after the death, is not
repealed by the amendment of 1907 to "An act to provide for
the recovery of damages in cases where the death of a person is
caused by wrongful act, neglect or default," which permits actions
arising thereunder to be commenced within twenty-four calendar
months after the death of the decedent.

On demurrer to plea.    Case certified from the Union
Circuit Court.

The declaration in the present case contains averments
which show that the death of the plaintiff's intestate was
caused by the wrongful act or negligence of the defendants;
that his widow and child sustained pecuniary loss by his
death, and that suit was begun within twenty-four calendar
months after his death occurred. The defendants pleaded,
among other things, that the cause of action set forth in the
plaintiff's declaration did not accrue at any time within one
year before the commencement of the suit. To this plea the
plaintiff demurred. The Circuit Court thereupon certified to
this court for its advisory opinion the following question,
viz.: "Whether the provisions of section 58 of the act en-
titled 'An act concerning railroads' (Revision of 1903), ap-
proved April 14th, 1903, requiring actions by an executor or
administrator for injuries causing the death of the testator
or intestate by the wrongful act, neglect or default of any
railroad company owning or operating a railroad within this
state to be commenced and sued within one year next after
the death, and not after, now applies to bar an action com-
menced after the expiration of one year subsequent to the

death of an intestate but within twenty-four calendar months following such death."

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and MINTURN.

For the plaintiff, *Clark McK. Whittemore.*

For the defendants, *Dungan & Reger* and *George Holmes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The fifty-eighth section of the Revision of "An act concerning railroads" (*Pamph. L. 1903, p. 674*), provides that all actions accruing from injuries to persons caused by the wrongful act, neglect or default of any railroad company owning or operating any railroad within this state shall be commenced and sued within two years next after the cause of action accrued, and not after; that actions by an executor or administrator for injuries causing the death of the testator or intestate shall be commenced and sued within one year next after the death, and not after; that all actions for injury done to any property by fire communicated by an engine of any railroad company on any railroad within this state shall be commenced and sued within one year after the cause of action accrued, and not after. That part of the section which requires actions brought by an executor or administrator for injuries causing the death of his testator or intestate to be commenced within a year after death accrues was first engrafted upon the statute at the time of the Revision. The other portions of the section were first enacted in 1881. *Pamph. L., p. 257.* At the time of the enactment of the Revision there was upon the statute book an act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default" (*Gen. Stat., p. 1188*), by which it was provided that every action brought by the personal representative of a decedent for the recovery of such damages should be commenced within twelve calendar months

after his death.　In 1907 the legislature amended this provision of the Death act by providing that "Every such action shall be commenced within twenty-four calendar months after the death of such deceased person." *Pamph. L., p.* 387.　The question for determination is whether this amendment operates to repeal the one year limitation contained in section 58 of the act concerning railroads.

That the legislature had some purpose in view when in the year 1903 they added to section 58 of the Railroad law the clause requiring actions by an executor or administrator for injuries causing the death of his testator or intestate to be brought within one year, must of course be conceded.　That they were not thereby providing for a different period of limitation in actions of this character when brought against railroad companies from that then existing in suits brought against individuals or corporations other than railroad companies, must also be conceded, for the period named is the same as that expressed in the Death act as it stood at the time.　That they were not creating a new liability against railroad companies is equally apparent, for the clause deals with existing rights of action.　What then was the legislative purpose?　We can conceive of none other than this: That in dealing with the matter of liability for causes of action arising under the Death act, and for those other causes of action specified in the fifty-eighth section of the Railroad act, railroad companies should be considered as a separate and distinct class not to be affected by changes in the general laws of the state regulating the periods in which such actions should be begun against tort-feasors unless in the legislation making such changes the intent to include them within its scope should be expressed.　Looking at the amendment to the Death act of 1907 to discover whether such an intent is there exhibited we find words indicative thereof conspicuously absent.　Not only is there no reference therein to section 58 of the Railroad act, but the amendment contains no words of repealer whatever.　This latter fact is especially significant, for where no repealing words are inserted in a later act a strong presumption arises that no repeal was intended.　*Mc-*

*Neely* v. *Woodruff,* 1 *Gr.* 352; *Plumb* v. *Lugar,* 20 *Vroom* 557; *Arzonico* v. *Board of Education,* 46 *Id.* 22.

A similar question to that now under consideration was before this court in the case of *Vail* v. *Easton and Amboy Railroad Co.,* 15 *Vroom* 237. The charter of the defendant company provided that suits brought against it to recover damages by fire alleged to have been caused by its negligence should be commenced within a year after the cause of action arose. Plaintiff sued to recover damages so sustained, but did not bring his action within the year. Our statute of limitations had been revised and re-enacted subsequent to the date of the defendant company's charter, and in its revised form contained a repealer of all acts and parts of acts repugnant thereto. The matter is thus dealt with in the opinion: "The contention in substance is this: That the limitation in the defendant's charter giving but the period of one year for the bringing of an action on the case is inconsistent with the clause in the general act (*Statute of Limitations*) which, with respect to all actions on the case, extends such period to six years. But the fallacy in this reasoning consists in the assumption that those laws are repugnant to each other. According to the well settled legal intendment they do not relate to the same subject-matter and therefore cannot be inconsistent. They do not relate to the same subject-matter because the classes of cases embraced in the general law do not involve the class of cases comprehended by the special law. This has been repeatedly decided by this court * * * and this rule of construction is quite decisive on the point."

The decision controls the present case, for although the provision appealed to by the defendant in that case was contained in a special charter while that upon which the defendants rely in the case now before us is contained in a general law, this does not create a variant condition so far as the question involved is concerned. The provision in the act concerning railroads, although general in the constitutional sense, is nevertheless special in this respect, that it only applies to a particular class, viz., railroad companies. By it the cases designated therein were taken out of the operation of other

statutes of limitation which theretofore affected them. After that was done they were no longer embraced in the class of cases covered by those statutes and consequently could not be affected by changes subsequently made in them.

We hold, therefore, that both upon principle and authority the provision of the fifty-eighth section of the Railroad act was not repealed or affected by the amendment to the Death act passed in 1907.

The defendants are entitled to judgment on the demurrer.